UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-989-H

CURTIS L. BROWN                                                                        PETITIONER

V.

J. DAVID DONAHUE, WARDEN                                                   RESPONDENT

**MEMORANDUM OPINION AND ORDER**

This is an unusual and quite problematic petition for writ of habeas corpus. Petitioner is serving a sentence for numerous theft and related offenses. A victim of one of those offenses, Michael Meeks, sued him in Jefferson Small Claims Court. Petitioner settled that case by agreeing to pay restitution. He was probated in 1992 and also agreed to pay restitution for his crimes. Subsequently, Petitioner violated his probation, returned to prison and was later granted parole by the Kentucky Parole Board. A condition of his 1998 parole, he again agreed to pay the restitution to Mr. Meeks. Petitioner's parole was revoked in 2002, reinstated in 2004, revoked again in 2005, and reinstated again in December of 2005. Eventually, Petitioner absconded from supervision. Now, five years after the last parole revocation, Petitioner claims that his 1998 parole condition was improper and demands that the state repay him all of the restitution.

Respondent has filed an answer to the petition which presents compelling arguments for its dismissal. Meanwhile, Petitioner has moved for judgment and for sanctions. The Court feels very comfortable resolving the issues presented based upon the answer and motions.

Petitioner was originally sentenced to probation with payment of restitution as a condition of that probation in Jefferson Circuit court Case No. 91-CR-1640. Subsequently, his probation was revoked by the Jefferson Circuit Court and he was sentenced to prison. When he

agreed to accept parole, Petitioner voluntarily agreed to the payment of restitution. That restitution was to be paid to one of his victims, Michael Meeks, based upon an Agreed Settlement Petitioner signed in Jefferson Small Claims Court. Between the Agreed Settlement, his probation conditions and his parole conditions, Petitioner agreed in writing, on at least three occasions, to pay Mr. Meeks restitution for his crimes.

Petitioner now argues that he remained under active supervision while on parole, which resulted in his parole being revoked for violations of his conditions of supervision, solely because the Parole Board improperly ordered restitution as a condition of parole. His theory appears to be that, had restitution not been ordered he would have been given "inactive supervision" and his other violations would not, therefore, have been discovered.

Much could be said to decide such an argument. More to the point, Kentucky law allows the Parole Board to order restitution as a condition of parole. In fact, the Board is required to do so in many cases. Pursuant to Ky. Rev. St. § 439.563:

> (1) When there is an identified victim of a Respondent's crime to whom restitution has been ordered but not yet paid in full, or restitution has been ordered paid to a government agency and has not yet been paid in full, the Parole Board shall order the Respondent to pay restitution as a condition of parole.

Ky. Rev. St. § 439.563(1). In addition, Ky. Rev. St. § 532.032 requires that

> (1) Restitution to a named victim, if there is a named victim, shall be ordered in a manner consistent, insofar as possible, with the provisions of this section and KRS 439.563, 532.033, 533.020, and 533.030 in addition to any other part of the penalty for any offense under this chapter. The provisions of this section shall not be subject to suspension or nonimposition.
>
> ***
>
> (4) If a person is sentenced to incarceration and paroled, restitution

2

shall be made a condition of parole.

Ky. Rev. St. § 532.032.

The Court finds no valid legal argument that making a convicted thief pay restitution violates any constitutional or statutory right. "[B]ecause there [is] no protected liberty or property interest in parole, prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds." *Stewart v. Commonwealth*, 153 S.W.3d 789, 792 (Ky. 2005) (citing *Belcher v. Kentucky Parole Board*, 917 S.W.2d 584 (Ky. App. 1996); *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 9-10 (1979). In Kentucky, parole is a matter of "matter of grace" to which the inmate has no entitlement. *Stewart*, 153 S.W.2d at 793. "The state is not required to provide for parole and, if it does, may stipulate its terms and conditions. . ." *Rose v. Haskins*, 388 F.2d 91, 93 (6th Cir. 1968).

Because the circumstances here cannot under any circumstances support constitutional claims or statutory violations, the Court need not consider any other issues. In passing, however, the Court would maintain that Petitioner has quite clearly failed to exhaust his post-conviction remedies and appeals with respect to the issues raised here. Consequently, on the basis of Respondent's comprehensive answer and Petitioner's motions, it is absolutely clear that the petition is flawed and without merit.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Petitioner's motions to dismiss and for sanctions are DENIED.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED

WITH PREJUDICE.

    This is a final order.

cc:     Curtis L. Brown, *Pro Se*
       Counsel of Record